IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 10-CV-2608 PAM/FLN |
| ) | |
| KEVIN GEISINGER, et al. ) | |
| ) | |
| Defendants. ) | |

ORDER OF SALE

Judgment has been entered in favor of the United States and against defendant Kevin Geisinger in the amount of $524,787.10, plus accruals from August 23, 2011.  The United States has also been granted judgment foreclosing the federal tax liens against Kevin Geisinger's prefabricated home and real property ("the Property") located at 6335 County Road 3 N.W., Annandale, Minnesota, which is legally described as follows:

> That part of Government Lot One (1), Section Thirty Four (34), Township One Hundred Twenty- One (121), Range Twenty-Eight (28), Wright County, Minnesota, described as follows:
>
> Commencing at the northeast corner of said Government Lot 1; thence on an assumed bearing of South along the east line thereof, a distance of 695.82 feet to the point of beginning of the tract to be described; thence on a bearing of West, a distance of 576.00 feet; thence on a bearing of South, a distance of 322.00 feet; thence North 88° 34' 46" East, a distance of 300.00 feet; thence North 01° 42' 41" West, a distance of 49.96 feet; thence on a bearing of east, a distance of 277.59 feet to said east line; thence North along said east line, a distance of 274.62 feet to the point of beginning, Containing 4 acres, more or less and subject to the right of way of C.S.A.H. No. 3.

1. The Property Appraisal and Liquidation Specialist of the Internal Revenue Service ("PALS") is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell the Property without further order or process.

2. PALS is authorized to have free access to the Property and to take all actions necessary to preserve the Property, including but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property, until the deed to the Property is delivered to the ultimate purchaser.

3. The terms and conditions of the sale are as follows:

   a. The sale of the Property shall be free and clear of any interest of Kevin Geisinger and any other parties to this action. Upon the sale of the Property, all interests which were determined or agreed to during the lien foreclosure action involving the Property transfer to the proceeds of the sale.

   b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

   c. The sale shall be held either at the courthouse of the county in which the Property is located or on the Property's premises. The date and time for the sale shall be determined and announced by PALS;

   d. PALS is permitted to enter the premises, and prospective buyers shall be allowed to conduct an inspection of the exterior and interior of the Property at such time as PALS shall determine to be reasonable and convenient;

e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Wright County, Minnesota, and at the discretion of PALS, by any other notice as PALS deems appropriate. The notice shall contain a description of the Property and shall contain the terms and conditions of sale in this order of sale;

f. PALS shall set the minimum bid. If the minimum bid is not met or exceeded, PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

g. At the time of the sale, the successful bidder shall deposit with PALS an amount between five (5) and twenty (20) percent of the minimum bid as specified by PALS in the published Notice of Sale. The deposit shall be in the form of a money order or certified or cashier's check payable to the United States District Court for the District of Minnesota. Before being permitted to bid at the sale, potential bidders shall display to PALS the proof that they are able to comply with this requirement. No bids will be accepted from any persons who have not presented proof that, if they are successful bidders, they can make the deposit required by this order of sale.

h. The successful bidder(s) shall pay the balance of the purchase price for the Property to PALS, within sixty (60) days following the date of the sale, by

      a certified or cashier's check or money order payable to the United States District Court for the District of Minnesota. PALS shall deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and applied towards the expenses of the sale, with any amount remaining to be distributed in accordance with the priorities of the parties in this action. The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, the Property may be sold to the second highest bidder from the previous auction, if above the minimum bid, without the necessity of conducting another auction. The United States may bid as a credit against its judgment without tender of cash.

i. The sale of the Property shall be subject to confirmation by this Court. Upon confirmation of the sale, PALS shall execute and deliver a deed conveying the Property to the purchaser. Upon confirmation of the sale, all interests in, liens against, or claims to the Property that are held or asserted by all parties to this action are discharged and extinguished.

j. Once the sale of the Property is confirmed, the Registrar of Deeds of Wright County, Minnesota shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder(s) at the sale shall pay, in addition to the bid amount, any documentary stamps and Clerk's registry fees as required by law;

        k.        The sale of the Property is ordered in accordance with 28 U.S.C. § 2001, and is made without right of redemption.

4.        Until the Property is sold, Kevin Geisinger shall take all reasonable steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the Property) in its current condition, including, without limitation, maintaining a fire and casualty insurance policy on the Property.  Kevin Geisinger shall neither commit waste against the Property nor cause or permit anyone else to do so.  He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so.  Kevin Geisinger shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements or posting signs) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

5.        All persons occupying the Property shall vacate the Property permanently within 30 days of PALS sending a notice to vacate, each taking his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property).  If any person fails or refuses to vacate the Property by the time specified in this Order, PALS is authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected.  Any personal property remaining on the Property thirty (30) days after the notice to vacate is sent is deemed forfeited and abandoned, and PALS is authorized to remove it and dispose of it in any manner it sees fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of the sale and the balance to be held for further

distribution as ordered by the Court.  Checks for the purchase of the personal property shall be made payable to the United States District Court for the District of Minnesota.  The Clerk of the Court is directed to accept and deposit these checks into the Court's registry for distribution pursuant to further Order of this Court.

Dated:   August    25    , 2011

                                             s/Paul A. Magnuson
                                             JUDGE PAUL A. MAGNUSON
                                             UNITED STATES DISTRICT JUDGE